UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Frank Inman seeks relief as the result of alleged violations of his constitutional rights while he was incarcerated at the Maine Correctional Center. (Complaint, ECF No. 1.)[1]

Plaintiff filed an application to proceed in forma pauperis, which application the Court granted. (ECF No. 3.) In accordance with 28 U.S.C. § 1915, a preliminary review of Plaintiff's complaint is appropriate. Additionally, because Plaintiff is a prisoner and seeks redress from an employee of a governmental entity, his complaint is subject to review under 28 U.S.C. § 1915A.

Following a preliminary review, I recommend that the Court dismiss all but one of Plaintiff's federal claims, dismiss Plaintiff's claim against Assistant Attorney General Diane Sleek, and order service on the remaining Defendants of Plaintiff's complaint based on his federal claim of retaliation under 42 U.S.C. § 1983 and the supplemental state law claims.

---

[1] After Plaintiff filed his complaint, he filed a motion to amend the complaint to add Diane Sleek as a defendant. (ECF No. 4.) Because Plaintiff's complaint had not yet been served, Plaintiff could amend his complaint "as a matter of course." Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's motion is granted. I will address Plaintiff's alleged claim against Ms. Sleek in this recommended decision.

**FACTUAL BACKGROUND**

The facts set forth herein are derived from the factual allegations in Plaintiff's Complaint, which facts are deemed true when evaluating the motion to dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

Plaintiff is an inmate at the Maine Correctional Center in Windham, Maine. According to Plaintiff, from the time that he started serving his sentence, he has been "time eligible" for minimum custody due to having eight months of pretrial detention. (*Id.*, PageID # 5.) Nevertheless, he was classified as medium custody. Plaintiff appealed from the classification decision. Defendant Scott McCaffery denied the appeal. Plaintiff maintains, however, that Defendant McCaffery represented that there would be a reclassification decision in May 2014 and that minimum custody would be awarded if Plaintiff was "case plan compliant." (*Id.*)

In March 2014 Plaintiff received a "write up" for disobeying a direct order. At the time, his psychiatric medication was being changed. Defendant McCaffery suggested to Plaintiff that a transfer to minimum could still occur if he did not get into trouble. (*Id.*)

During Plaintiff's May reclassification process, the classification committee scored Plaintiff as minimum security and Defendant McCaffery approved the classification. Despite the minimum security classification, Defendant McCaffery marked Plaintiff's file as do not transfer. He explained to Plaintiff that the order was based on Plaintiff's past behavior and that Plaintiff's classification would be reconsidered in July. (*Id.*)

Plaintiff wrote to Defendant Commissioner Joseph Fitzpatrick about Defendant McCaffery's decisions. He also wrote to Senator Susan Collins and Governor Paul Lepage.

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

According to Plaintiff, Senator Collins contacted the Department of Corrections and Plaintiff received a transfer to the Charleston Correctional Facility. (*Id.*)

Plaintiff was successful at the facility and was working his way, in his view, toward supervised release in a community confinement program. Plaintiff experienced some harassment at the facility,[3] and sought assistance from outside the facility, including from his attorney. Three days after Plaintiff's attorney became involved in August 2014, Defendant Larry Austin, the director of the facility, and Defendant Jerry Scott, Plaintiff's caseworker, reported that Plaintiff was an escape risk and placed him on emergency observation status and did not permit him to appeal from the decision. Subsequently, Plaintiff was returned to the Maine Correctional Center, classified by Defendant McCaffery as medium security, and retained at the center even though the report that was filed against Plaintiff was found to be false. (PageID ## 5 – 6.)

While at the center, Defendant Scott Landry, the warden, did not permit Plaintiff to attend his grandfather's funeral. (PageID # 7.) Additionally, Plaintiff spent time in a "more restricted housing area" that was normally used for inmates with disciplinary issues or for inmates who transferred from the county jails. His unit manager (presumably Defendant Luke Monahan) said that he would look into the issue of Plaintiff's placement, but nothing happened. Plaintiff wrote Defendant Landry to ask for another housing assignment, to inform him that the assignment was negatively impacting his "mental health problems," and to advise that his mental health worker was not meeting with him. Defendant Landry did not respond to Plaintiff's letter. Because he was ignored, because of the false report, and because of certain "family problems," Plaintiff

---

[3] Plaintiff states that his mail was searched and that he was denied clean clothes, psychiatric medication, hygiene supplies, and access to a mental health provider. (PageID # 6.)

experienced a panic attack.[4]  Plaintiff additionally asserts that the wrongful denial of a minimum security classification has prevented him from obtaining paying jobs, being closer to family, and earning additional good time.  (*Id.*)

Plaintiff contends that a court order authorizing his immediate release is justified, as well as an award of monetary damages.  (*Id.*)  Plaintiff alleges that he was denied due process, subjected to retaliation, suffered emotional distress, was defamed, and was the victim of discrimination.  Additionally, he alleges cruel and unusual punishment and deliberate indifference.  (PageID # 3, ¶ 15.)

Plaintiff also asserts that Assistant Attorney General Diane Sleek failed to act when he informed her that Defendant Austin had filed a false report and "allowed" Plaintiff to be returned to the Maine Correctional Center.  (ECF No. 4.)

## DISCUSSION

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. U.S. Dist. Ct. S.D. Iowa*, 490 U.S. 296, 307-308 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

---

[4] Plaintiff's alleged panic attack is the basis of another case filed by Plaintiff in this Court, *Inman v. Cummings*, No. 2:15-cv-00081.

In addition to the review contemplated by § 1915, because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires a court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### A. Denial of Desired Security Classification Is Not Itself a Constitutional Violation

"[A] prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Therefore, unless his classification has resulted in an "atypical and significant hardship … in relation to the ordinary incidents of prison life," Plaintiff does not have an actionable claim based on any alleged procedural irregularities or misapplication of state law classification standards. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff complains of a medium security classification that resulted in placement at the Maine Correctional Center in Windham rather than in Charleston, an inability to access a community confinement program to which he is entitled, and a temporary placement in restrictive housing. Simply stated, Plaintiff's allegations do not support a conclusion that Plaintiff has been subjected to prison conditions that are an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Id*.

### B. Discrimination

Plaintiff's conclusory allegation of discrimination (which might be construed as a reference to the Equal Protection Clause) is insufficient to state a claim. Plaintiff does not assert, nor do the alleged facts otherwise suggest that Plaintiff is a member of a protected class or that Defendants' alleged conduct was motivated by a discriminatory animus toward members of a protected class of which Plaintiff is a member. *Fleming v. Dep't of Corr.*, 92 F.3d 1169 (1st Cir. 1996) (per curiam) (unpublished).

C.  **Deliberate Indifference**

"In *Estelle v. Gamble,* 429 U.S. 97 (1976), the Supreme Court established that an Eighth Amendment claim of 'cruel and unusual punishment' based on medical mistreatment requires more than 'an inadvertent failure to provide adequate medical care' and must involve 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d 158, 161 (1st Cir. 2006). Plaintiff's allegations fail to state such a claim. Mere knowledge that a prisoner has "mental health issues" that are "impacted" by a placement in "restricted housing" does not support a reasonable inference that Defendants Landry and Monahan were deliberately indifferent to a known serious risk of harm to Plaintiff.

D.  **Retaliation**

Viewed in the light most favorable to Plaintiff, Plaintiff's complaint asserts that his return to a medium security classification and reassignment to the Correctional Center in Windham was in retaliation for Plaintiff's constitutionally protected speech activity. A prisoner who alleges retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials that is sufficient to deter a person of ordinary firmness from exercising his constitutional rights,[5] and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir. 2011).

Plaintiff's allegations regarding his letter writing activity[6] and his contention that he subsequently was subject to an unfavorable prison transfer[7] satisfy the first and second prongs. In

---

[5] In the first amendment context, an adverse action must be "more than *de minimis*," which means the action must be sufficient to chill a person of ordinary firmness in the performance of future first amendment activities. *Pope v. Bernard,* No. 10–1443, 2011 WL 478055, at * 2 (1st Cir. 2011) (per curiam) (unpublished).

[6] Letters seeking aid from outside authorities have been treated as protected activity for purposes of such claims. *Strope v. McKune*, 382 Fed. App'x 705, 709 (10th Cir. 2010) (unpublished).

[7] *See*, *e.g.*, *Garcia v. Watts*, No. 1:08-cv-07778, 2013 WL 599750, at *5 (S.D.N.Y. Feb. 15, 2013).

addition, given Plaintiff's assertion that Defendant McCaffery represented that Plaintiff would be classified as minimum security, and given that some of Plaintiff's writing activity occurred after he had achieved that status and been placed in a more favorable location (Charleston), when considered in the light most favorable to Plaintiff, a fact finder plausibly could find that the transfer decisions were in retaliation for Plaintiff's writing activity.

### E.   State law Claims

Given that Plaintiff's retaliation claim should proceed, which would be within the jurisdiction of this Court, Plaintiff's state law claims for defamation and infliction of emotional distress are properly before the Court.

### F.   Claim against Assistant Attorney General Sleek

Plaintiff seeks to impose liability upon Defendant Sleek based upon her failure to take appropriate action after Plaintiff informed her that Defendant Austin had filed a false report, and as a result, Plaintiff had been transferred back to the Maine Correctional Center. Plaintiff's claim against Defendant Sleek is futile. As an assistant attorney general, Defendant Sleek is not in the chain of command within the state prisons. 5 M.R.S. §§ 191 – 205 (Attorney General Statute); 3 M.R.S. §§ 3401 – 3407 (Maine Correctional Center); 3 M.R.S. § 3601 – 3605 (Charleston Correctional Center). She is not, therefore, a supervisor and does not have liability for acts or omissions that occur in the prisons.

## CONCLUSION

Based on the foregoing analysis, I recommend that the Court (1) dismiss all federal claims other than Plaintiff's retaliation claim, (2) dismiss Plaintiff's claim against Defendant Sleek, and (3) order service on the remaining Defendants of Plaintiff's complaint based on his federal claim of retaliation under 42 U.S.C. § 1983 and the supplemental state law claims.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated the 24th day of August, 2015.