UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS
FOR INJUNCTIVE RELIEF**

In this action, Plaintiff Frank Inman seeks relief as the result of alleged violations of his constitutional rights while he was incarcerated at the Maine Correctional Center. (Complaint, ECF No. 1.) The matter is before the Court on Plaintiff's Motion for Injunction to be Released on Supervised Community Confinement Program (ECF No. 7) and Plaintiff's Motion for Temporary Restraining Order/Motion for Injunction (ECF No. 10). Upon review of Plaintiff's submissions, I recommend that the Court deny Plaintiff's motions.

**Discussion**

Through his motions, Plaintiff seeks immediate injunctive relief. In particular, he requests that the Court authorize his release from jail on a supervised community confinement program. (ECF Nos. 7, 10.) He also seeks injunctive relief regarding his request for his eyeglasses and his access to legal materials. (ECF No. 10.) In a recent "declaration" in support of his motion for a preliminary injunction, Plaintiff focuses on the manner in which his good time credit is computed.

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a

favorable balance of hardships,[1] and (4) a fit (or lack of friction) between the injunction and the public interest."[2] *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

In his motions, Plaintiff evidently requests both a temporary restraining order and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, ___ (D. Me. 2015). A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)). By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*,

---

[1] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985).

[2] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

676 F.2d 1211, 1214 (8th Cir. 1982). *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

A review of the record reveals that Plaintiff has failed to establish that he is entitled to immediate injunctive relief. First, Plaintiff's assertions are not under oath, and are not corroborated by admissible evidence. Plaintiff thus has not provided any reliable record evidence to support his request for injunctive relief.[3] In addition, even if Plaintiff's statements were sworn, they do not support an injunction. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Moreover, Plaintiff's request for community confinement likely would entail a "quantum change in the level of custody," meaning such relief would only be appropriate in the context of a habeas petition, not a civil rights action. *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 874 (2010).

Furthermore, as explained in more detail in the Recommended Decision After Screening Complaint (ECF No. 8), a substantial portion of Plaintiff's claim, including his challenge to Plaintiff's classification in the prison, lacks any merit.[4] Finally, given the potentially dramatic impact that the requested injunctive relief (e.g., order Plaintiff released to a supervised community

---

[3] Plaintiff filed an unsworn declaration in support of his motion. (Declaration in Support of Plaintiff's Motion for a Preliminary Injunction, ECF No. 11.) The Rules of Evidence are not always rigorously applied in the context of preliminary injunction proceedings. *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 25 – 26 (1st Cir. 1986); *Rice v. Wells Fargo Bank, N.A.*, 2 F. Supp. 3d 25, 31 & n.34 (D. Mass. 2014). Nevertheless, Plaintiff's unsworn allegations of retaliatory bias do not constitute a substantial showing that he will likely succeed on the merits of his retaliation claim, which for reasons discussed in the Recommended Decision After Screening Complaint (ECF No. 8), is the only actionable claim asserted by Plaintiff.

[4] Although Plaintiff requests injunctive relief related to his eyeglasses, he does not assert in this case a claim regarding his eyeglasses. Plaintiff asserts a claim regarding his eyeglasses in another matter, *Inman v. Reibe*, 2:15-cv-00080-JAW.

program) could have on the administrative operations of the prison, the balancing of the respective harms and a consideration of public interest militate against the issuance of an injunction.

## Conclusion

Based on the foregoing analysis, I recommend that the Court deny Plaintiff's Motion for Injunction to be Released on Supervised Community Confinement Program (ECF No. 7) and Plaintiff's Motion for Temporary Restraining Order/Motion for Injunction. (ECF No. 10.)

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of September, 2015.