UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR RELEASE**

In this action, Plaintiff Frank Inman seeks relief as the result of alleged violations of his constitutional rights while he was incarcerated at the Maine Correctional Center. (Complaint, ECF No. 1.) The matter is before the Court on Plaintiff's motion for release. (Motion, ECF No. 19.)

The motion constitutes Plaintiff's third request for release; he filed his first two requests in August 2015 in the form of motions for injunctive relief based on allegations of retaliation, threatened retaliation, and Plaintiff's deteriorating health.[1] (Motions, ECF Nos. 7, 10.) Upon review of those motions, I recommended that the Court deny injunctive relief; Plaintiff filed an objection to the recommended decision. (Report and Recommended Decision, ECF No. 12; Objection, ECF No. 13.)

In Plaintiff's most recent request for release, he alleges health and safety conditions, including a scabies outbreak, and plumbing and electrical problems, at the Maine Correctional Center. (Motion at 1-2.) Whether Plaintiff's request for release is characterized as a motion for injunctive relief or a motion for bail, the essence of the request is the same. If Plaintiff's request

---

[1]Petitioner's first motion for release was docketed as a letter motion for an injunction to be released to supervised community confinement. (Motion, ECF No. 7.) Petitioner's second motion was docketed as a letter motion for a temporary restraining order. (Motion, ECF No. 10.)

is viewed as a request for injunctive relief, the request is denied in accordance with the analysis in

the earlier recommended decision. (Report and Recommended Decision, ECF No. 12).

To the extent that Plaintiff's request for release can and should be construed as a motion

for bail, Plaintiff's motion also fails.[2]  Given that a plaintiff-inmate does not have a constitutional

right to be released from jail even to attend the civil trial, *Jones v. Hamelman*, 869 F.2d 1023,

1029-30 (7th Cir. 1989); *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111-12 (4th

Cir. 1988), Plaintiff arguably is not entitled to be bailed in a civil case for reasons other than to

attend trial (e.g., for health and safety reasons as Plaintiff requests).  Nevertheless, if one assumes

that bail is available under certain circumstances, because Plaintiff is an inmate in state custody

following a conviction, the most analogous authority through which to analyze Plaintiff's request

for bail is the law of habeas corpus.[3]  In a habeas petitioner's unopposed motion for bail pending

the disposition of his petition for certiorari, Justice Rehnquist concluded, "it is no part of the

function of the federal courts to allow bail in federal habeas review of state proceedings" in the

absence of "extraordinary circumstances," even when the State did not oppose bail.  *McGee v.*

*Alaska*, 463 U.S. 1339, 1340 (1983) (Rehnquist, J.); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964)

---

[2] The Court applied same reasoning that follows in its response to Plaintiff's requests for release in his other pending cases:  *Inman v. Landry*, No. 2:15-cv-00243-GZS (Recommended Decision, ECF No. 7, Order Affirming, ECF No. 13); *Inman v. Landry*, No. 2:15-cv-00113-GZS (Recommended Decision, ECF No. 9, Order Affirming, ECF No. 16); *Inman v. Riebe*, No. 2:15-cv-00080-JAW (Recommended Decision, ECF No. 22, Order Affirming, ECF No. 28).

[3] Whether a plaintiff in a general civil case is ever entitled to bail, other than as is necessary to attend and participate in the trial, is not entirely clear.  Supreme Court precedent, however, suggests that a federal court is not authorized to award bail to a state prisoner in connection with non-habeas civil litigation.  *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* [*v. Rodriguez*, 411 U.S. 475 (1973)] to [*Edwards v.*] *Balisok,* [520 U.S. 641 (1997),] the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.").  In any event, if Plaintiff cannot establish that he would be entitled to bail under the habeas standard, one could reasonably conclude that Plaintiff would not be entitled to bail in his civil case.  Indeed, even if he prevailed in his civil case, Plaintiff would not be released from jail.

(Douglas, J.) (concluding that a petitioner seeking bail pending review of a collateral proceeding must demonstrate a substantial question and exceptional circumstances).

The First Circuit has also noted: "While the federal power remains, we regard a petitioner who has had a full trial and appeal as in a very different posture than if there had been no prior judicial determination of his rights.  Nowhere is this more significant than with regard to bail." *Glynn v. Donnelly*, 470 F.2d 95, 97 (1st Cir. 1972).  In *Glynn*, the First Circuit held that after a defendant has been convicted and the conviction upheld, there is no presumption favoring bail, but rather

> the state acquires a substantial interest in executing its judgment.  Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies. . . .  Both in the district court, and on appeal, in the absence of exceptional circumstances – whatever that may include – the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.

*Id.* at 98 (citations omitted).  "Release should be granted to an offender pending collateral review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *United States v. Vogel*, 595 F. App'x 416, 416-17 (5th Cir. 2015) (quotation marks omitted).  "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims.  Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims." *Blocksom v. Klee*, 2015 WL 300261, at *4 & n.2, 2015 U.S. Dist. Lexis 6974, *12 (E.D. Mich. Jan. 22, 2015) (citing *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003) (holding that the petitioner's grave medical

condition, combined with his showing of a substantial claim of law, justified the grant of the

petitioner's motion for a bond pending review of his petition)).

Simply stated, Plaintiff has failed to present any facts or argument that would constitute

the "exceptional circumstances" necessary to justify his release on bail.  Plaintiff, therefore, is not

entitled to release in the form of injunctive relief or bail.

### CONCLUSION

Based on the foregoing analysis, I recommend that the Court deny Plaintiff's motion for

release.  (ECF No. 19).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of October, 2015