UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, et als. | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER**

The defendants, by their attorney, answer the Complaint as follows:

1. Paragraph 1 of the Complaint states conclusions of law and a summary of plaintiff's claims, and no answer is required.

2. Paragraph 2 of the Complaint states a conclusion of law, and no answer is required.

3. Defendants deny the allegations of Paragraph 3 of the Complaint.

4. Defendants admit that defendant Fitzpatrick is the Commissioner of the Maine Department of Corrections. The remainder of Paragraph 4 of the Complaint states conclusions of law, and no answer is required.

5. Defendants admit that defendant McCaffrey is the classification officer for the Department of Corrections. The remainder of Paragraph 5 of the Complaint states legal conclusions, and no answer is required.

6. Defendants admit that defendant Landry is the warden of the Maine Correctional Center. The remainder of Paragraph 6 of the Complaint states conclusions of law, and no answer is required.

7. Defendants admit that defendant Monahan is a Unit Manager at the Maine Correctional Center. The remainder of Paragraph 7 of the Complaint states legal conclusions, and no answer is required.

8. Assuming that plaintiff is referring to defendant Austin (and not "Larry Scott" as stated in Paragraph 8 of the Complaint), defendants deny the allegation in Paragraph 8 of the Complaint. The remainder of Paragraph 8 states a conclusion of law, and no answer is required.

9. Defendants admit that defendant Scott is a caseworker at CCF. The remainder of Paragraph 9 of the Complaint states a legal conclusion, and no answer is required.

10. Paragraph 10 of the Complaint states legal assertions or conclusions, and no answer is required.

(There are no Paragraphs 11 – 13 in the Complaint)

14. Defendants deny that plaintiff exhausted available administrative remedies regarding his claims of retaliation, infliction of emotional distress and defamation.

15. – 16. Paragraphs 15 – 16 of the Complaint state legal assertions or conclusions and no answer is required.

17. – 23. Paragraphs 17 – 23 of the Complaint state prayers for relief, and no answer is required.

In response to the unnumbered paragraphs on Pages 5 through 8 of the Complaint, defendants note that the allegations regarding alleged retaliation against the plaintiff appear to be contained primarily on Page 8, most of which is illegible. Defendants generally deny that any action taken with regard to plaintiff's transfer or classification was done in retaliation for plaintiff's exercise of his First Amendment or other constitutional rights. Defendants further deny that they defamed the plaintiff or intentionally or negligently inflicted emotional distress.

WHEREFORE, defendants request that judgment be entered in their favor and that they be awarded their costs and attorney fees.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted as to any defendant.

2. Plaintiff's claims are barred by his failure to exhaust available administrative remedies.

3. Plaintiff's claims for injunctive and declaratory relief are moot.

4. Plaintiff's claims for damages for emotional and mental distress are barred by his failure to allege any physical injury resulting from defendants' actions.

5. Plaintiff's claim for punitive damages is barred by the prospective relief provisions of the Prison Litigation Reform Act.

6. Plaintiff's claims of defamation and infliction of emotional distress are barred by his failure to comply with the notice provisions of the Maine Tort Claims Act.

7. As to plaintiff's claims of defamation and infliction of emotional distress, defendants have discretionary immunity.

January 27, 2016                              \_\_/s/  James E. Fortin\_\_\_
                                              James E. Fortin
                                              Assistant Attorney General
                                              James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

      The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Frank Inman  
Penobscot County Jail  
85 Hammond St,  
Bangor, ME 04401

January 27, 2016                                    /s/ James E. Fortin  
                                                                   James E. Fortin  
                                                                   Assistant Attorney General