UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION ON PENDING MOTIONS**

In this action, Plaintiff Frank Inman seeks relief as the result of alleged violations of his constitutional rights while he was incarcerated at the Maine Correctional Center.  (Complaint, ECF No. 1.)

The matter is before the Court on Plaintiff's motion to amend his complaint to add new grounds for his claim (ECF No. 31), to join Diane Sleek as a defendant (ECF No. 32), and to join James Lussier as a defendant (ECF No. 34).   After consideration of Plaintiff's motions and Defendants' objections to the motions, I recommend that the Court deny the motions.[1]

## DISCUSSION

Courts should grant leave to amend "freely" when "justice so requires."  Fed. R. Civ. P. 15(a).  Leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis,* 371 U.S. 178, 182 (1962).  "'Futility' means that the complaint, as amended,

---

[1] Although a motion to amend is within a magistrate judge's authority, *Maurice v. State Farm Mut. Auto. Ins. Co.*, 235 F.3d 7, 9 n.2 (1st Cir. 2000), because my determination that in his proposed amendments Plaintiff has not stated a claim would effectively dispose of the proposed claims, I concluded that a recommended decision was appropriate.

would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

**A.      Request to Add New Grounds (ECF No. 31); Request to Join James Lussier (ECF No. 34)**

Plaintiff seeks to amend his complaint to assert additional claims against several of the Defendants and to join James Lussier, a sergeant at the Correctional Center, based on two events that occurred after the filing of his complaint in this action. [2]

*1.  December 10, 2015, cell search and write-up, and resulting discipline.*

The first event that Plaintiff seeks to add involved the search of a cell Plaintiff shares with other inmates.  According to Plaintiff, following the search, Mr. Lussier, a sergeant under Defendant Monahan's supervision, cited Plaintiff for having "porn" in the cell.  Mr. Lussier also conducted the related disciplinary hearing and imposed a 10-day room restriction as punishment. (ECF No. 34 ¶ 1.)  Plaintiff alleges that Mr. Lussier acted under Defendant Monahan's directive and that the sanction was unconstitutional.  (*Id.*)  Plaintiff further asserts that Defendant Monahan was directly involved in the search and subsequent "write-up."  (*Id.* ¶ 2.)

Preliminarily, the mere write-up and discipline for possession of pornography in the prison environment does not give rise to a due process violation.  As explained in the prior Recommended Decision After Screening Complaint (ECF No. 8), the Constitution does not guarantee prisoners

---

[2]     Plaintiff's proposed claim is governed in part by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915A, et seq. (PLRA).  The PLRA requires a prisoner to exhaust administrative remedies before bringing a lawsuit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Insofar as Plaintiff attempts to seek relief for incidents that allegedly occurred immediately before he filed his motions to amend, Plaintiff likely did not have sufficient time to satisfy the exhaustion requirement.  Plaintiff's additional claims, therefore, might be susceptible to a successful challenge based on his failure to exhaust his administrative remedies.  Because an affirmative allegation of exhaustion is not required to state a claim, *Jones v. Bock*, 549 U.S. 199, 211 – 12 (2007), I will review Plaintiff's proposed amendments without regard to the exhaustion issue.

due process in prison disciplinary matters absent a sanction that imposes an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A 10-day room restriction as Plaintiff alleges does not constitute such a hardship.

Plaintiff's additional allegations also fail to state a plausible retaliation claim. Plaintiff asserts that Mr. Lussier charged Plaintiff with a rule violation and sanctioned him for improper conduct. Plaintiff has not alleged the falsity of the charge, nor has he cited any facts from which a fact finder could reasonably infer that Mr. Lussier or any of the other Defendants made the charge because Plaintiff engaged in a protected activity or that the actions of Mr. Lussier and the other Defendants did not advance a legitimate correctional goal. *See Rhodes v. Robinson,* 408 F.3d 559, 567 – 68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."); *Bryant v. Ochoa*, 460 Fed. App'x 624, 625 (9th Cir. 2011) (reversing dismissal of retaliation claim because of alleged "false rules violation"); *Davis v. Ali*, No. 2:11-cv-00955, 2012 WL 762008, at *2 (E.D. Cal. Mar. 6, 2012) ("Plaintiff fails to allege facts indicating that Ali's search of his cell … did not reasonably advance a legitimate correctional goal.").

Finally, in the event Plaintiff contends that the search of his cell was retaliatory, Plaintiff's claim also fails. Plaintiff has no expectation of privacy in a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984). A search of Plaintiff's cell, therefore, does not amount to the adverse action necessary to support a retaliation claim. *Pope v. Bernard*, No. 10-1443, 2011 WL 478055,

at *1 – *2 (1st Cir. Feb. 10, 2011) (per curiam) ("*Hudson* precludes Fourth Amendment challenges to prison cell searches and seizures taken for *any* reason, whether reasonable or not. … Given this, any [retaliation] claim based on the search of appellant's cell and the seizure of his Kufi can only be described as *de minimis*.").

In short, Plaintiff's proposed amendment to include the December 10, 2015, incident and to join Mr. Lussier as a defendant based on that incident would be futile.

   2. *December 21, 2015, harassment and write-up.*

According to Plaintiff, on December 21, 2015, Plaintiff received permission to get a haircut following a class. After getting his hair cut, Plaintiff went directly to lunch. Plaintiff asserts that Mr. Lussier "became confrontational" when Plaintiff appeared at lunch. Plaintiff maintains that Mr. Lussier told him not to come directly to the "chow hall" from class again, or he would be written up. Plaintiff also alleges that when he returned to the housing area, Mr. Lussier told him that he was being written "for being out of place." (PageID # 135.)

To state a claim of retaliation, a prisoner must allege, inter alia, an adverse action by a prison official, which action is sufficient to deter a prisoner of ordinary firmness from exercising his constitutional rights. *Hannon v. Beard,* 645 F.3d 45, 48 (1st Cir.2011); *Pope v. Bernard*, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011) (per curiam). Here, Plaintiff has not alleged a constitutional right that might be implicated by his confrontation with Mr. Lussier. In addition, a mere verbal confrontation and write-up, without any sanction, are simply not actions that would deter a prisoner of ordinary firmness from exercising constitutional rights. Accordingly, Plaintiff has not stated a claim of retaliation based on the December 21 event and thus his proposed amendment would be futile.

**B.      Proposed Claim against Diane Sleek (ECF No. 32)**

Plaintiff also alleges that Assistant Attorney General Diane Sleek is "directly involved" because Defendant Monahan sent a copy of a write-up to Attorney Sleek.  (ECF No. 31, ¶ 4.) Plaintiff alleges that he was "told" that Attorney Sleek enabled Defendant Monahan to take unlawful audio recordings of Plaintiff and he alleges that she "has been allowing and enabling the unconstitutional actions of MDOC staff." (Id. ¶ 5.)  The Court dismissed Plaintiff's earlier attempt to assert a claim against Attorney Sleek.  (ECF No. 24.)

First, to the extent Plaintiff attempts to assert a claim based on Attorney Sleek's purported role as a decision-maker at the Maine State Prison, Plaintiff has not and cannot state an actionable claim.  As explained in the Court's prior dismissal of Attorney Sleek as a party, as an assistant attorney general, Attorney Sleek is not in the chain of command within the state prisons.  5 M.R.S. §§ 191 – 205 (Attorney General Statute); 3 M.R.S. §§ 3401 – 3407 (Maine Correctional Center); 3 M.R.S. §§ 3601 – 3605 (Charleston Correctional Center).  Attorney Sleek thus has no authority to discipline or take any other action regarding Plaintiff.

If Plaintiff's proposed amendment is an effort to assert a state law claim against Attorney Sleek, Plaintiff similarly cannot state a claim for relief.  Absent egregious circumstances, which are not alleged here, an attorney owes a duty only to her client, and only the client can assert a breach of the duty.  *Estate of Cabatit v. Canders*, 2014 ME 133, ¶ 9, 105 A.3d 439, 442 – 43.

Because Plaintiff cannot assert an actionable claim against Attorney Sleek, Plaintiff's proposed amendment would be futile.

## CONCLUSION

Based upon the foregoing analysis, I recommend the Court deny Plaintiff's motion to amend his complaint to add new grounds (ECF No. 31), to add Diane Sleek as a defendant (ECF No. 32), and to join James Lussier as a defendant (ECF No. 34).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of March, 2016.