UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| Plaintiff | ) |
| v. | ) 2:15-cv-00267-JAW |
| LARRY AUSTIN, et als. | ) |
| Defendants | ) |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, defendants hereby move for summary judgment. As grounds for this motion, defendants assert that plaintiff failed to exhaust available administrative remedies regarding his claim of unlawful retaliation, and, pursuant to 42 U.S.C. § 1997e, his complaint must be dismissed. Specifically, as to the remaining claim of transfer and reclassification in retaliation for exercising his First Amendment rights, plaintiff failed to employ the Department's grievance process and failed to appeal his transfer and reclassification before filing this suit. His claim is thus barred by the exhaustion provision of the Prison Litigation Reform Act, 42 USC § 1997e(1)(a). Assuming that the retaliation claim is dismissed, the court should decline to hear the pendant state law tort claims and dismiss those without prejudice.

1

# MEMORANDUM IN SUPPORT OF MOTION

## Facts and Procedural Background

Plaintiff Frank Inman, a former prisoner of the Maine Department of Corrections,[1] brought suit against several employees and officials of the Department raising a number of claims.  After performing its initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A, the court allowed the case to proceed only on Inman's claim that his classification was changed from minimum to medium custody and he was transferred from the minimum custody Charleston Correctional Facility (CCF) to the medium custody Maine Correctional Center (MCC) as an act of retaliation for his writing letters to the governor, a United States senator and his attorney regarding his treatment while incarcerated.[2]  *Recommended Decision,* pp. 7-8.

The Department has in place a grievance policy that allows prisoners to "…request administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects [the prisoner]…"  If a prisoner in unable to resolve the complaint informally, he may file a formal grievance with the facility's grievance review officer. Additional levels of review – by the chief administrative officer of the facility and ultimately by the Commissioner of the Department of Corrections – are available.

In addition, the Department has in place a policy allowing prisoners who are affected by transfer and reclassification decisions to appeal those decisions to the Director of Classification. An additional level of appeal to the Commissioner is also available.

The affidavits of Kevin Dionne, the grievance review officer at CCF, and Dennis Shipman, the grievance review officer at MCC, establish that Inman did not file a grievance at

---

[1] Inman was released from DOC custody on December 21, 2015 when his conviction was vacated.
[2] Because the court allowed the case to proceed on this claim of a constitutional violation, it also declined to dismiss the pendant state tort law claims of defamation and infliction of emotional distress.  *Recommended Decision*, p. 8.

either facility[3] concerning the alleged act of retaliation. The affidavit of Scott McCaffery establishes that Inman did not employ the classification policy's appeal procedure regarding the decision to change his classification and transfer him to MCC.

## Argument

**1. Plaintiff failed to exhaust available administrative remedies, and his complaint must be dismissed under the Prison Litigation Reform Act.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(1)(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to all claims arising from conditions of confinement. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A finding that plaintiff failed to exhaust administrative remedies is dispositive of other claims in the case. *Id.* at 16.

In this case, Inman's claim may be characterized as one of a violation of his First Amendment rights or one of an improper transfer and reclassification. Viewed purely as a First Amendment retaliation claim, it clearly falls within the scope of the Department's prisoner grievance policy as a "… practice, condition of confinement, action, decision, or event that directly affects [the prisoner]." Viewed as a claim solely regarding the action taken against him – transfer and reclassification – it falls squarely within the available procedure for appealing this decision. The record establishes that Inman did not file a grievance about the alleged retaliation and did not appeal the decision to reclassify and transfer him. Because he availed himself of neither of the procedures available to him for administrative review of these actions, his complaint should be dismissed and judgment should be entered for the defendants.

---

[3] Under the grievance policy, the appropriate venue for such a grievance would have been CCF, as that is where the alleged retaliatory action occurred. *See*, Policy 29.1, Procedure A(8).

**2. Absent any viable federal claim, the court should exercise its discretion to dismiss the pendant state law claims.**

In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), the Court stated:

> It has been consistently recognized that pendent jurisdiction is a doctrine of discretion, not plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them…Certainly, if the federal claims are dismissed before trial, even though not insubstantive in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. at 726 (citation omitted); c.*f., Rodriguez v. Doral Mortgage Corp.*, 57 F. 3d 1168, 1177 (1st Cir. 1995) (general principle that unfavorable disposition of federal claims at early stage in litigation will trigger dismissal of supplemental state law claims).

In this case, if the court grants judgment to defendants on Inman's constitutional claim, no good reason exists for the court to adjudicate claims arising solely under state law that can be brought in state court. The court therefore should dismiss the claims for defamation and emotional distress without prejudice.

## Conclusion

For the reasons stated above, the court should grant judgment to the defendants and dismiss plaintiff's federal law claim. The court should dismiss without prejudice the pendant claims arising under state law.

March 28, 2016                                              ___/s/ James E. Fortin___
                                                                          James E. Fortin
                                                                          Assistant Attorney General
                                                                          James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

      The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record, and that he mailed a copy, postage paid, to the plaintiff at the following address:

Frank Inman
68 Deer Isle
Bangor, ME 04401


March 28, 2016                                          /s/ James E. Fortin
                                                        James E. Fortin
                                                        Assistant Attorney General