UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00267-JAW |
| | ) | |
| LARRY AUSTIN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff Frank Inman alleges that based on actions taken by Defendants Larry Austin, Joseph Fitzpatrick, Scott Landry, Scott McCaffery, Luke Monahan, and Jerry Scott, and in retaliation for his constitutionally protected speech activity, Plaintiff was transferred from a minimum security facility to a medium security facility.[1] Plaintiff also asserts state law claims for defamation and infliction of emotional distress.

The matter is before the Court on Defendants' Motion for Summary Judgment, through which motion Defendants assert, inter alia, that Plaintiff failed to exhaust administrative remedies. (ECF No. 50.) Plaintiff did not file an opposition to the motion.

Following a review of the pleadings and summary judgment filings, I recommend the Court grant Defendants' motion as to Plaintiff's federal claim, and dismiss without prejudice Plaintiff's state law claims.

---

[1] Plaintiff's retaliation claim is the only claim asserted in his complaint that survived preliminary screening, for reasons set forth in the Recommended Decision dated August 24, 2015 (ECF No. 8), adopted by the Court on December 2, 2015 (ECF No. 24).

## FACTS [2]

According to Plaintiff, Defendants transferred him from a minimum security facility to a medium security facility because in August 2014, he wrote letters to officials and involved an attorney in a dispute over the mental health treatment he was receiving from the Department of Corrections. (Complaint, ECF No. 1, PageID ## 5 – 6.)  The Court has construed this claim as a First Amendment retaliation claim actionable under 42 U.S.C. § 1983.

The Maine Department of Corrections has a prisoner grievance policy that allows prisoners to "…request administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects [the prisoner]…" The procedure covers complaints of retaliatory conduct by administrators and staff.  (Defendants' Statement of Material Facts (DSMF) ¶ 1, ECF No. 51; Policy 29.1, Prisoner Grievances, ECF No. 51-2.)  If an attempt to achieve an informal resolution of the prisoner's grievance is unsuccessful, the prisoner may file a formal grievance with the grievance review officer.  If the prisoner is not satisfied with the

---

[2]   For purposes of summary judgment, the facts before the Court ordinarily are restricted to facts introduced by the parties through their statements of material facts, which statements must be supported by citations to evidence of record.  The requirement that parties cite evidence of record is set forth both in Federal Rule of Civil Procedure 56(c) and in District of Maine Local Rule 56(b) – (d).  In addition, Local Rule 56 outlines the manner by which parties must provide the Court with their factual statements and the evidence supporting the statements.  Thus, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material fact setting forth each fact in a separately numbered paragraph, followed by a citation to evidence of record that supports the factual statement.  D. Me. Loc. R. 56(b), (f).  A party opposing a motion for summary judgment must file an opposing statement of material fact that admits, denies, or qualifies the factual statements made by the moving party. D. Me. Loc. R. 56(c).  Unless the statement is admitted, the opposing party must provide a citation to evidence of record that supports the opposing statement.  *Id.*  If a party fails to respond to a statement of material facts, the moving party's factual statements "shall be deemed admitted."  D. Me. Loc. R. 56(f).  In addition, pursuant to Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and if the party fails to file an objection, the party is "deemed to have waived objection."

The Court, however, "may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days." *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7 – 8 (1st Cir. 2002).  Instead, the Court must assess whether the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In particular, when the Court has before it a verified complaint, the Court may consider the statements contained therein when assessing whether a genuine issue of fact exists for trial. *Clarke v. Blais*, 473 F. Supp. 2d 124, 128 (D. Me. 2007).

The facts set forth herein are derived principally from Defendants' Statement of Material Facts (ECF No. 51), but also include references to Plaintiff's verified complaint and the exhibits attached thereto.

response to the grievance, he may appeal that decision to the chief administrative officer of the facility and ultimately to the Commissioner of the Department.[3] (DSMF ¶ 2.)

During the time he was incarcerated at the Maine Correctional Center, Plaintiff filed seven grievances. None of the grievances involved the alleged act of retaliation at issue in this case. (*Id.* ¶ 3.) Plaintiff did not file any grievances during the time he was incarcerated at the Charleston Correctional Facility. (*Id.* ¶ 4.)

In addition to its Prisoner Grievances Policy, the Department of Corrections has Policy 23.1, Classification System, which policy governs the classification and transfer of prisoners among the various facilities in the system. The Classification System Policy allows a prisoner to appeal a classification decision regarding transfer or custody level to the Director of Classification and, ultimately, to the Commissioner.[4] (*Id.* ¶ 5; Policy 23.1, ECF No. 51-5.)

---

[3] The Grievance Policy reads in pertinent part:

> A prisoner may file a grievance with the appropriate facility Grievance Review Officer to request administrative review of any policy, procedure, practice, condition of confinement, sentence calculation (including, but not limited to, an issue with credit for detention time or awarding of deductions or good time), action, decision, or event that directly affects the prisoner, that the prisoner believes is in violation of his/her rights or is in violation of Departmental policies and procedures, and for which the prisoner believes a Departmental employee or contractor is responsible. A prisoner may not file a grievance regarding the following subjects, since there exists separate appeal procedures for these matters:
>
> a. Classification procedures and decisions including, but not limited to, a decision to place a prisoner on administrative segregation or protective custody status or a decision about custody level, a work assignment, participation in an institutional or community-based program, or transfer ….

(Policy 29.01, § VI.A.4, PageID ## 180 – 181.)

[4] The Classification System Policy reads in pertinent part:

> A prisoner may appeal a classification decision as to custody level or facility transfer to the Central Office Director of Classification, or designee, within five (5) working days of receiving the decision as recorded on the Prisoner Classification Action form (Attachment C).

(Policy 23.1, § I.1, PageID # 193.)

In August, 2014, Defendant McCaffery, the Classification Director, and then-Associate Commissioner Cynthia Brann approved a request by Defendant Austin, who at that time was the Director of the Charleston Correctional Facility (CCF), to transfer Plaintiff from CCF, which is a minimum custody facility, to a more secure facility. Plaintiff's custody level was changed at that time from minimum to medium custody, and he was transferred to the Maine Correctional Center. (DSMF ¶ 6.) Plaintiff did not appeal from that decision. (*Id.* ¶ 7.)[5]

Plaintiff attached to his complaint two client classification forms, one dated October 22, 2014, and another dated December 5, 2014, which forms reflect that on both dates, the Department's Classification Committee recommended a medium security classification. (ECF No. 1-2.) Plaintiff also filed exhibits which suggest that he engaged in classification-related appeal activity in December of 2013 and in May, June, and July of 2014. (ECF No. 1-2, PageID ## 9 – 11.) Plaintiff, however, did not submit evidence that he filed an appeal from any classification recommendation or decision made after August 2014 regarding his medium security classification.

In connection with an attempt to amend his complaint on October 19, 2015, Plaintiff filed numerous grievance-related exhibits regarding various matters that occurred in 2015. (ECF No. 16.) None of the grievances related to his transfer to a medium security facility. One document filed by Plaintiff reveals that he received a minimum security classification in May of 2015. (ECF No. 16-12.)

### SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary

---

[5] Defendants' seventh fact statement is apparently mislabeled as paragraph number 4.

judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy*, 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied as to any supported claim. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## DISCUSSION

Through their motion for summary judgment, Defendants assert that Plaintiff's claims are barred because Plaintiff failed to exhaust the available administrative remedies. (Motion at 3.) Defendants otherwise argue that any state law claim for defamation or infliction of emotional distress should be dismissed without prejudice on jurisdictional grounds. (*Id.* at 4.)

**A.     Claims Under 42 U.S.C. § 1983 (Failure to Exhaust)**

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.")

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

A defendant may raise the § 1997e exhaustion requirement as an affirmative defense. *Jones*, 549 U.S. at 216; *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones*, 549 U.S. at 212)). Because failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional issue, initially, Defendants bear the burden of proof. *Jones*, 549 U.S. at 216. To satisfy that burden, Defendants must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino*, 135 S. Ct. 403 (2014). Thereafter, Plaintiff must present evidence that demonstrates "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Here, Defendants have established that administrative remedies were available to Plaintiff. In particular, Defendants have established the existence of an appeal procedure as part of the Classification System Policy, and that if Plaintiff's claim is governed by the Classification System Policy, Plaintiff did not appeal in accordance with the Policy. Additionally, Defendants have established the existence of an administrative grievance procedure within the Grievance Policy, and that if Plaintiff's claim is governed by the Grievance Policy, Plaintiff did not file a grievance in accordance with the Policy.

Because Defendants have established the existence of administrative remedies for the claims asserted by Plaintiff, Plaintiff must demonstrate that the remedies were not available to him. The record is devoid of any evidence from which one could reasonably conclude that the remedies were "effectively unavailable" to Plaintiff. *Id.* Accordingly, Plaintiff's § 1983 claim of retaliatory transfer based on a post-August 2014 medium security classification decision is an unexhausted claim barred by 42 U.S.C. § 1997e(a).

**B.     State Law Claim**

In the Recommended Decision after an initial review of Plaintiff's complaint (ECF No. 8), the Court noted that Plaintiff asserts claims for defamation and infliction of emotional distress. Defendants observe that the state law claims are not within the original jurisdiction of this Court and argue that upon entry of judgment in Defendants' favor on the § 1983 claim, the state law claims should be dismissed without prejudice. Because Defendants are entitled to summary judgment on Plaintiff's federal claim, and because dismissal of the federal claim would occur well in advance of trial, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss any state law claims without prejudice. 28 U.S.C § 1367(c)(3); *Shuper v. Tri-Cty. Mental Health Servs.*, No. 2:14-CV-00476-GZS, 2014 WL 6893852, at *3 (D.

Me. Dec. 4, 2014), *appeal dismissed* (1st Cir. May 4, 2015) (citing *Keenan v. Int'l Ass'n of Machinists & Aerospace Workers*, 632 F. Supp. 2d 63, 72 (D. Me. 2009)).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' Motion for Summary Judgment (ECF No. 50) on Plaintiff's remaining federal claim, and enter judgment in favor of Defendants on Plaintiff's federal claim. I further recommend the Court dismiss Plaintiff's state claims without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 30th day of June, 2016.